# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CIARA DICKERSON<br>1333 Elson Rd.<br>Brookhaven, PA 19015 | :<br>:<br>:<br>: | CIVIL ACTION |
| Plaintiff, | :<br>: | No.: |
| v. | :<br>: | **JURY TRIAL DEMANDED** |
| TEMPLE UNIVERSITY HOSPITAL, INC.<br>3401 N. Broad St.<br>Philadelphia, PA 19140 | :<br>:<br>:<br>: | |
| Defendant. | :<br>: | |

## CIVIL ACTION COMPLAINT

Ciara Dickerson (hereinafter referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant, Temple University Hospital (hereinafter "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000(d) *et. seq*) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. Plaintiff intends to amend her complaint to include claims pending before the Pennsylvania Human Relation Commission ("PHRC") once such claims are fully and administratively exhausted. Plaintiff's PHRA claims will identically mirror her Title VII claims asserted herein.

redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's future state law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under Title VII, after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual who resides at the address as set forth in the caption.

8. Defendant is an academic medical center located in Philadelphia, Pennsylvania.

9. At all times relevant, Defendant acted through its agents, servants and employees, who acted within the scope of their authority, course of employment, and under the direct control of Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant on or about November 9, 2020.

12. At all times during her employment with Defendant, Plaintiff worked as a Certified Surgical Technician.

13. Plaintiff is Muslim and practices the religion of Islam.

14. During her employment with Defendant, Plaintiff was supervised by several individuals; however, she consistently reported to Qamra Williams (hereinafter "Williams")

15. According to Williams' LinkedIn profile, Williams served as a Service Line Manager from September of 2020 through December of 2021 and a Senior Nurse Manager from December of 2021 until December of 2024 (the relevant time periods of Plaintiff's employment).

16. In or about May of 2021, Plaintiff requested religious accommodations from Defendant's Human Resources ("HR") department and Williams, in the form of being excused from participating in certain surgical procedures.

17. Specifically, there were three (3) surgical procedures that Plaintiff requested not to be assigned to because of her religious beliefs: (1) gender affirmation surgery; (2) abortions; and (3) harvesting organs.

18. While Plaintiff was granted the accommodations not to be assigned to gender affirmation surgeries and abortions, she was not granted the accommodation related to procedures for harvesting organs.

19. Starting in or about September of 2023 (after Plaintiff began working night shift), she was sporadically assigned cases related to harvesting organs.

20. The procedures for harvesting organs that Plaintiff was assigned were cases where the individual had his/her kidneys and liver removed but maintained his/her heart and lungs.

21. With these aforesaid cases, the patient whose organs were being removed was brought to the Operation Room ("OR") after they had already passed away.

22. After the deceased individual was brought to the OR, there would be a moment of silence/prayer.

23. Plaintiff made it known to management that she did not feel comfortable staying for the moment of silence because of her religious beliefs and requested to be excused for these moments.

24. The aforesaid religious accommodation request was never an issue, and Plaintiff was always permitted to leave during the moment of silence and then return when it was over.

25. Therefore, even though Plaintiff was forced to participate in procedures for harvesting organs, she was never made to stay for the moment of silence.

26. As Plaintiff began being forced to participate in procedures related to harvesting organs, she started to express concern to Defendant's management regarding the reason why her accommodation request (to not participate in harvesting organs procedures) had not been granted.

27. The last time Plaintiff expressed concern about Defendant's refusal to accommodate her religious beliefs (as aforesaid) was to Williams in or about July/August of 2024,

28. The last time Plaintiff expressed concern about Defendant's refusal to accommodate her religious beliefs (as aforesaid) came shortly after she had been asked by Defendant's Senior HR Coordinator, Compliance, Jamal Reeves-Snead, if she still needed her religious accommodations (to which she responded in the affirmative).

29. In response to Plaintiff's expressed concerns, she was simply told that in order to work for Defendant, she was required to participate in procedures related to harvesting organs.

30. In or about mid-August of 2024, Plaintiff was assigned to a case related to harvesting organs.

31. However, this particular case was different than any case Plaintiff had been assigned to previously, as the patient was having all of his organs removed and was being brought to the OR still alive (but ready to pass).

32. Plaintiff had never been trained for this type of procedure (as discussed in Paragraph 31 of the instant Civil Action Complaint).

33. After this particular patient was brought into the OR, there was a moment of silence and prayer while the patient's family was waiting for him to pass.

34. As was Plaintiff's practice previously during moments of silence, she informed the manager, Darrell (last name unknown) that she was going to excuse herself.

35. Darrell was aware of Plaintiff's religious beliefs and her previous accommodation requests.

36. Darrell did not indicate that Plaintiff had to stay, and there were several other employees of Defendant and a representative from the Gift of Life in the OR when Plaintiff excused herself.

37. Darell was aware at all times that Plaintiff was in the break room (approximately 10 feet from the OR), waiting for the moment of silence/family prayer to be over.

38. After the patient passed away, Darrell called Plaintiff back into the OR and the surgical team completed the procedure.

39. Following this procedure, Plaintiff was informed that she was being suspended, pending an investigation, for leaving the OR during the moment of silence/family prayer while waiting for the patient to pass away.

40. Again, Plaintiff was never told it was an issue for her to leave during the moment of silence/family prayer, she had done so previously on many occasions, and the reason for her absence during this time was related to her religious beliefs.

41. The only thing different during this occasion was that the patient had not passed away yet.

42. However, when Plaintiff told Darrell she was leaving for the moment of silence/while the family was praying, she was not told to stay or told that if she did not stay, she would be subject to discipline or termination.

43. Plaintiff was placed on suspension for the aforesaid reasons on or about August 15, 2024.

44. Upon information and belief, approximately one month after being placed on suspension, the policy was written to state that surgical techs do not need to be in the room while the patient is waiting to pass away.

45. Regardless of (1) her religious beliefs, management's knowledge and approval of her religious accommodation request to leave the room during the moment of silence and/or family prayer, (2) the fact that this was a new procedure for Plaintiff for which she had not been trained or had experience with prior, and (3) the updated policy that surgical techs do not need to be in the room while the patient is waiting to pass away, Defendant still made the decision to terminate Plaintiff's employment on or about October 3, 2024.

46. Plaintiff believes and therefore avers that she was placed on suspension and ultimately terminated because of her religion, in retaliation for requesting religious accommodations, and/or for expressing concerns about Defendant's failure to accommodate her religious beliefs.

47. Plaintiff also believes the Defendant failed to accommodate her religious beliefs.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")
**([1] Religious Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

48. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49. Plaintiff is a Muslim individual, who practices the Islam faith and requested a religious accommodation during her employment with Defendant – which Defendant only partially granted.

50. Plaintiff believes and therefore avers that her religion was a motivating or determinative factor in Defendant's decision to suspend her and then terminate her employment.

51. Plaintiff also believes and therefore avers that she was suspended and ultimately terminated in retaliation for requesting a religious accommodation and/or for objecting to Defendant's failure to accommodate her religious beliefs.

52. Finally, Plaintiff believes and therefore avers that Defendant failed to accommodate her religious beliefs and/or suspended/terminated her as a direct result of their failure to engage in the interactive process and/or accommodate her religious beliefs.

53. The actions of Defendant as aforesaid constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay, and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.     Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

                                      Respectfully submitted,

                                      **KARPF, KARPF & CERUTTI, P.C.**

By:    /s/ Ari R. Karpf
                                      Ari R. Karpf, Esq.
                                      8 Interplex Drive, Suite 210
                                      Feasterville-Trevose, PA 19053
                                      (215) 639-0801
                                      akarpf@karpf-law.com

Dated: June 30, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Ciara Dickerson | : | CIVIL ACTION |
| v. | : | |
| Temple University Hospital, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| 6/30/2025 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DICKERSON, CIARA

**DEFENDANTS**
TEMPLE UNIVERSITY HOSPITAL, INC.

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 6/30/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE